LEMMON, Judge.
This is a suit for bodily injury allegedly inflicted upon plaintiff, an inmate of parish prison, by a prison guard while thwarting an attempted break by 13 prisoners.
Defendants argue that the normal duty owed by a person not to injure another is not applicable to a prison guard during the course of a prison break, since the guard’s paramount duty is to protect the citizenry in general by keeping criminals confined for their terms in prison. On the other hand, plaintiff contends that once the escaping prisoners were brought under control, the prison guards could not punish unarmed, handcuffed prisoners by pistol whipping and kicking them. Thus, both sides rely on reasonableness, which is always the touchstone of the determination of duty. But our analysis of this record reveals that the determination of duty is not the critical issue, since the record supports a conclusion that plaintiff was not beaten during the break attempt.
The guard’s version was that the prisoners were apprehended; were lined up facing the wall and “frisked”; then were made to lie on the ground and were handcuffed; and finally were escorted in an orderly manner to central lockup. Two other guards corroborated this version.
Plaintiff’s version was that they were made to lie on the ground and were handcuffed; that they were then told to lean facing the wall; that when he turned to tell the guard he was too short to reach over the barrel in front of him, he was struck on the head with a pistol and kicked in the ribs and then choked while lying on the ground handcuffed; and that he asked for medical attention for three days before being taken to a hospital. Four other prisoners substantially corroborated this version, including one who observed the incidents from his second floor cell.
The hospital examination revealed two fractured ribs and hysterical dysphonia or aphonia (inability to produce voice). Although plaintiff contends the fracture resulted from the guard’s kicks and the apho-nia resulted from the choking, the speech pathologist whom plaintiff relied upon to prove causation of the psychological condition testified that plaintiff stated he lost his voice after a fight in the bathroom and that a threat or physical violence could cause the condition.
The undisputed fact that plaintiff had certain injuries three days after the attempted escape which he did not have prior to that time raises a strong inference that he sustained these injuries during or shortly after the break, but the injuries could have been caused in that time frame in some other manner than a beating by the guard. Moreover, the pathologist’s testimony as to plaintiff’s statement about the bathroom fight lends support to the trial court’s otherwise reasonable resolution of the conflicting versions. No manifest error has been demonstrated.
The judgment is affirmed.

AFFIRMED.